# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form7instructions.pdf

**9th Cir. Case Number(s)** 22-16859

**Case Name** Angela Williams, et al v. Steve Sisolak, et al

**Counsel submitting this form** Jason D. Guinasso

**Represented party/parties** Appellants

*Briefly describe the dispute that gave rise to this lawsuit.*

Plaintiffs' lawsuit alleges that Governor Sisolak and Attorney General Ford (State Defendants); and the City of Las Vegas, Clark County, and Nye County (City Defendants) (collectively, Government Defendants) have colluded with private entities – including defendants who run escort businesses, strip clubs, and a brothel – to facilitate and profit from sex trafficking in violation of the Thirteenth Amendment and the Trafficking Victims Protection Act (TVPRA). ECF 49 at ¶ 9. Plaintiffs' Amended Complaint alleged that sex trafficking increases in hospitable legal environments – that is, those that legalize or otherwise tolerate prostitution, and that State and City Defendants have colluded with Sex Industry Defendants to produce just such an environment, not least by licensing sex trade businesses, and by failing to enforce federal laws against debt bondage and sex trafficking. See, e.g., ECF 49 at ¶¶ 94, 96, 100-104, 108-126,147. Plaintiffs have alleged that consequently, they were exploited for commercial sex in Nevada through force, fraud, and coercion – including psychological manipulation and debt bondage – in legal strip clubs, legal escort businesses, and a legal brothel. See, e.g., ECF 49 at ¶ 149. Plaintiffs have alleged specific facts implicating Government Defendants in Plaintiffs' sex trafficking. See, e.g., ECF 49 at ¶¶ 94-100, 131 (detailing how State Defendants permit prostitution in rural counties, force STI testing on prostituted people but not sex buyers, do not enforce their own regulations limiting prostitution advertising, and permit escorting and "entertainment by referral service" throughout Nevada); ECF 49 at ¶¶ 101-104 (detailing how State Defendants allow counties to self-regulate and do not bar brothel debt bondage practices); ECF 49 at ¶¶ 108-114 (detailing how Nye County not only permits brothel prostitution but does not ban compelled prostitution, as long as it occurs in a brothel, prevents persons in prostitution from operating independently, and has discretion about licensing felons to operate brothels); ECF 49 at ¶¶ 115-119, 125 (detailing how Las Vegas permits escorting and strip clubs, and forces escorts to work for an escort agency and to undergo STI testing for licensure); ECF 49 at ¶¶ 115, 120-125 (detailing how Clark County permits escorting, outcall entertainment, and strip clubs).

Plaintiffs also alleged that the legal climate Government Defendants have created led to high demand for sex buying, ECF 49 at ¶¶ 127-131, and a disproportionately large sex trade, ECF 49 at ¶ 141, yet Defendants have a sparse record of sex trafficking prosecutions, ECF 49 at ¶¶ 134, 142, and even outright corruption in their law enforcement, ECF 49 at ¶¶ 137-138, 182-184. And Plaintiffs alleged that this prostitution system is profitable for Government Defendants, due to the tourism it motivates, as well as the taxes and licensing fees that brothels, escort agencies, and strip clubs generate. ECF 49 at ¶¶ 136, 142-144.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7** *Rev. 9/01/22*

*Briefly describe the result below and the main issues on appeal.*

Government Defendants filed Motions to Dismiss and claimed that Plaintiffs failed to sufficiently allege standing, arguing that traceability to Clark County and Jane Doe #2's sex trafficking was attenuated due to third party bad actors. ECF 53 at 18. Nye County's sole argument against causation was the bare assertion that Plaintiffs' allegation that legalized prostitution increases demand was "far too attenuated to link . . . Plaintiffs' alleged injuries to Nye County for the purposes of establishing standing." ECF 71 at 4. The State and the City offered no specific arguments against Plaintiffs' allegations about their causal role in Plaintiffs' sex trafficking. See ECF 53 at 18, ECF 58, ECF 168. In response, Plaintiffs referenced the facts described above and argued that Nevada officials are sex trafficking enablers and profiteers, and that their injuries were traceable at least in part to Government Defendants' conduct. See ECF 82 at ¶¶ 8-14, 16-17.

On July 18, 2022, the underlying Court issued a ruling granting the motions to dismiss as to these Government Defendants on standing grounds, ruling that Plaintiffs' injuries were affected by third parties and too far removed from the government actors' conduct. ECF 171 at 6-9. Largely due to the various traffickers and groomers who exploited Plaintiffs, this Court found that too many third parties' "independent decisions collectively had a significant effect on the plaintiffs' injuries." ECF 171 at 7 (cleaned up). The Court thus ruled that Plaintiffs' allegations that Nevada's legal prostitution system leads to an increased illegal sex trade were insufficient to "plausibly allege that the injuries they suffered are fairly traceable" to Government Defendants and granted their motions to dismiss on standing grounds. ECF 171 at 7-8. On November 7, 2022, the underlying court entered an Order (1) Directing Entry of Final Judgment Against Goverment Defendants and 2) Staying Case Pending Appeal. ECF 191. Also on November 7, 2022, final judgment was entered in favor of defendants Steven Sisolak, Aaron Ford, Clark County, Nye County, and the City of Las Vegas, and against plaintiffs Angela Williams, Jane Doe #1, and Jane Doe #2 on all claims among those parties.

The main issues on appeal: A) whether Plaintiffs have Article III standing to bring Thirteenth Amendment and sex trafficking claims against Government Defendants ; B) whether substantial grounds for difference of opinion exist as to whether a court may interpret standing's causation prong to exclude rights violators that the TVPRA explicitly intends to cover is a novel issue of first impression;

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

On November 7, 2022, The underlying case was stayed as to the plaintiffs and the remaining defendants while the case against the government defendants is on appeal before this Court. Any party that wishes to lift the stay, may file a motion to do so. ECF No. 191.

**Signature** /s/ Jason D. Guinasso    **Date** 12/13/2022

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 7**                                                                 Rev. 9/01/22